UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT-JOHN MESSANO, *et al.*,

Plaintiffs,

v.

CORSAIR MEMORY INC., *et al.*,

Defendants.

Case No. 1:26-cv-03142-CDB

ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO TIME SERVE SUMMONS AND COMPLAINT

ORDER VACATING JULY 27, 2026, SCHEDULING CONFERENCE

(Doc. 2)

**14-Day Deadline**

Plaintiffs Robert-John Messano, Jane Doe Messano, and Jane Does #1, #2, #3, and #4 ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint against Defendants California Highway Patrol ("CHP"), Captain Chris Hamilton, Officer Vazquez, Officer Beavers, Officer Olivier, Sergeant Gardia, Sergeant Weldon, Corporal Victor Lawson, and the Inyo County Sheriff (collectively, "Defendants") on April 24, 2026. (Doc. 1).

On April 27, 2026, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Docs. 2, 3, 4). The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service," and separately, to file a joint scheduling report

at least one week in advance of the scheduling conference (*e.g.*, no later than July 20, 2026). (Doc. 2 at 1, 2). The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

Notwithstanding the Court's order, to date, Plaintiffs have not filed proof of service and Defendants have not appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, because Plaintiffs have not filed proofs of service and no Defendant has filed a responsive pleading or otherwise appeared, the Court is unable to proceed with the scheduling conference. Moreover, because the 90-day deadline to serve Defendants will soon expire, the Court may be required to dismiss any unserved Defendant unless Plaintiffs demonstrate good cause to extend the deadline. Accordingly, the Court will vacate the scheduling conference and direct Plaintiffs to timely file proofs of service or make a written filing demonstrating good cause to extend the Rule 4(m) deadline to effect service upon Defendants.

**<u>Conclusion and Order</u>**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Within 14 days** of service of this order, Plaintiffs SHALL file either (1) proofs of service demonstrating service of summons and complaint upon all Defendants consistent with Fed. R .Civ. P. 4, or (2) a declaration demonstrating good cause to extend the deadline to effect service upon Defendants; and

2. The scheduling conference set for July 27, 2026 (Doc 2.) is VACATED, to be reset as necessary pending Plaintiffs' compliance with the Court's orders and Rule 4.

**Any failure by Plaintiffs to timely comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's orders and Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **July 13, 2026**

UNITED STATES MAGISTRATE JUDGE