UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT-JOHN MESSANO, *et al.*,<br>Plaintiffs,<br>v.<br>CALIFORNIA HIGHWAY PATROL, *et al.*,<br>Defendants. | Case No. 1:26-cv-03142-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFFS' FAILURE TO OBEY COURT ORDERS AND PURSUANT TO FED. R. CIV. P. 4(m)<br><br>(Doc. 5)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiffs Robert-John Messano, Jane Doe Messano, and Jane Does #1, #2, #3, and #4 ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint against Defendants California Highway Patrol ("CHP"), Captain Chris Hamilton, Officer Vazquez, Officer Beavers, Officer Olivier, Sergeant Gardia, Sergeant Weldon, Corporal Victor Lawson, and the Inyo County Sheriff (collectively, "Defendants") on April 24, 2026. (Doc. 1). Plaintiffs paid the filing fee upon commencement of the action. *See* (Dkt. entry 4/24/2026).

On April 27, 2026, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for July 27, 2026. (Docs. 2, 3, 4). The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service," and separately, to file a joint scheduling report

at least one week in advance of the scheduling conference (*e.g.*, no later than July 20, 2026). (Doc. 2 at 1, 2). The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

After Plaintiffs failed to promptly file proofs of service and no Defendant filed a responsive pleading or otherwise appeared in the action, on July 13, 2026, the Court vacated the scheduling conference set for July 27, 2026 (Doc. 2) and ordered Plaintiffs to file proofs of service or, in the alternative, a declaration demonstrating good cause to extend the deadline to effect service upon Defendants. (Doc. 5). The Court admonished Plaintiffs that it may be required to dismiss any unserved Defendant unless Plaintiffs demonstrate good cause to extend the 90-day deadline provided for service of summons and complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure. *Id.* at 2. Plaintiffs were forewarned that "[a]ny failure by Plaintiffs to timely comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's orders and Fed. R. Civ. P. 4." *Id.* at 3 (emphasis in original).

Plaintiffs have failed to file any response to the Court's show cause order and have failed to comply with the Court's instruction to timely file proofs of service or a declaration setting forth good cause to extend Rule 4(m)'s 90-day deadline. Accordingly, for the reasons set forth below, the undersigned will recommend that the Court dismiss this action without prejudice for Plaintiffs' failure to comply with the Court's orders and pursuant to Rule 4(m).

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,

130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Discussion**

Here, Plaintiffs have failed to comply with the Court's orders and failed to prosecute the action. Specifically, Plaintiffs failed to respond to the Court's show cause order by failing to timely file proofs of service or make a written filing demonstrating good cause to extend the Rule 4(m) deadline to effect service upon Defendants. There are no other reasonable alternatives available to address Plaintiffs' failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiffs' compliance with the Court's July 13, 2026, order to timely file proofs

of service or make a written filing demonstrating good cause to extend the Rule 4(m) deadline to effect service upon Defendants. (Doc. 5). The presumption of injury holds given Plaintiffs' unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case forward toward disposition on the merits. They instead have failed to comply with this Court's orders and by such conduct are impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiffs, cautioned: ""Any failure by Plaintiffs to timely comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's orders and Fed. R. Civ. P. 4." (Doc. 5 at 3) (emphasis in original).

Plaintiffs were adequately forewarned that their failure to timely respond to the show cause order could result in a recommendation to dismiss this action. Having considered and balanced the equities noted above, because Plaintiffs have failed to comply with this Court's orders and failed to timely effect service of process pursuant to Rule 4(m), the undersigned will recommend dismissal of this action.

**Conclusion, Order, and Recommendation**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge.

And it is hereby RECOMMENDED that:

1. The Court DISMISS this action without prejudice for Plaintiffs' failure to to comply with the Court's orders and pursuant to Rule 4(m). *See* Local Rule 110; Fed. R. Civ. P. 4.

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).

The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 5, 2026**

UNITED STATES MAGISTRATE JUDGE